John D. Bennett, S.
This is a proceeding brought under section 217 of the Surrogate’s Court Act by a creditor demanding payment of his claim. It is complicated by the attempt of such creditor to proceed on behalf of itself and all other unpaid merchandise creditors, basing its right so to do under section 1005 of the Civil Practice Law and Rules.
The petition is sufficient as to the petitioning corporation individually, and citation has issued in its behalf alone. As to the application in behalf of all other unpaid merchandise *182 creditors, the court has refused to entertain the proceeding and to issue citation thereon upon the ground that section 1005 of the Civil Practice Law and Buies does not apply.
Section 1005 of the Civil Practice Law and Buies is entitled “ Class actions ”. Subdivision (a) thereof provides as follows: “ (a) When Allowed. Where the question is one of a common or general interest of many persons or where the persons who might be made parties are very numerous and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all.”
The petition attempts to show a common or general interest by alleging that there are a large number of merchandise creditors of the deceased, Nathan Scheiner, doing business as Schemer’s Pharmacy and that the claims of such creditors, as well as that of the petitioner, have not been rejected by the executrix of this estate. There is undoubtedly a superficial resemblance here to a class action, and the fact that these persons have individual contracts would not, in itself, be sufficient to deny them the right to bring a class action.
However, upon analysis of typical class actions set forth in New York Civil Practice by Weinstein-Korn-Miller (Yol. 2, §§ 1005.11, 1005.12), the examples of class suits cited are essentially different from the present situation, as in no event would the people who constitute the class have claims which would be increased or decreased by the allowance of the claims of others of the same class. The restraint of a service charge by a gas company, a refund of electric charges to a consumer, the validity of a sales tax on telephone calls, the right of a landlord to collect annual rents, a refund of overcharge of insurance premiums for disability benefits, the refund of withheld gratuities by a hotel, claims of employees for severance and vacation pay, and rescission for fraud in mortgage participation shares, all have one common factor, i.e., the share of any one member of the class could not be augmented or diminished by the payments to other members of the class.
The situation is materially different in a proceeding under section 217 of the Surrogate’s Court Act. It is quite possible that the estate may not have sufficient funds to pay all claims against it. In fact, allegation Ninth of the petition strongly suggests that such may be the case. In that event, the executrix herein is in the position of a stakeholder, and the claimants may be the litigants contending against each other for payment of their respective claims. This is certainly not a common or general interest as contemplated by section 1005 of the' Civil Practice Law and Bules.
*183 The court holds that a creditor, proceeding under section 217 of the Surrogate’s Court Act, cannot bring such proceeding in behalf of all other unpaid merchandise creditors, and declines to issue a citation in that form.